UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CRIMINAL NO. 09-352 (MJD/SER)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | **SUPERSEDING INDICTMENT** |
| ) | |
| Plaintiff, ) | (18 U.S.C. § 2) |
| ) | (18 U.S.C. § 924(c)) |
| v. ) | (18 U.S.C. § 956(a)(1)) |
| ) | (18 U.S.C. § 2339A(a)) |
| **OMER ABDI MOHAMED**, ) | |
| a/k/a Brother Omer, ) | |
| a/k/a Galeyr, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

THE UNITED STATES GRAND JURY CHARGES THAT:

<u>INTRODUCTION TO ALL COUNTS</u>

At all times relevant to this Superseding Indictment, unless otherwise indicated:

*Somalia*

1.  For at least the past fifteen years, Somalia has lacked a stable central government and has been vulnerable to intense civil and sectarian violence. In 2004, the Transitional Federal Government of Somalia was established under international auspices.

2.  A loose coalition of Islamic insurgents known as the Islamic Courts Union (or Council of Islamic Courts) ("Islamic Courts") fought against the Transitional Federal Government, however, and took control over much of southern Somalia. In early June 2006, the Islamic Courts captured Somalia's capital city Mogadishu, and the Transitional Federal Government retreated to Baidoa, Somalia. The Islamic Courts, together with an extremist

SCANNED
APR 2 0 2011
U.S. DISTRICT COURT MPLS

FILED APR 2 0 2011
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTERED_____
DEPUTY CLERK'S INITIALS_____

faction of "shock troops" known as al-Shabaab, continued to fight the Transitional Federal Government in Baidoa.

3.  In late 2006, the Transitional Federal Government requested assistance from Ethiopia. With Ethiopian and African Union support, the Transitional Federal Government was reinstalled into power. Although it initially dispersed in the face of the Ethiopian invasion, al-Shabaab eventually regrouped and initiated a war in Somalia targeting all aspects of the Transitional Federal Government, including police stations, border posts, government facilities and civilian targets, as well as the Transitional Federal Government's Ethiopian and African Union supporters. Al-Shabaab captured several cities and towns in southern Somalia, including parts of Mogadishu itself. In addition to fighting against the Transitional Federal Government, al-Shabaab also opposed two autonomous regions of northern Somalia known as Puntland and Somaliland.

4.  Al-Shabaab's former leader, Aden Hashi Ayrow, who had trained with al-Qaeda in Afghanistan prior to 2001, called for foreign fighters to join al-Shabaab in a "holy war" against the Ethiopian and African Union forces in Somalia. Ayrow's call was echoed by al-Qaeda leadership, including Usama bin Laden and Ayman al-Zawahiri. Fighters from other countries - including the United States - have traveled to Somalia to engage in violent jihad. Al-Qaeda terrorist suspects, such as Saleh Ali Saleh Nabhan, are

U.S. v Omer Abdi Mohamed                    Criminal No. 09-352 (MJD/SER)

believed to have resided in Somalia under the protection of sympathetic Islamic Courts benefactors.

5. On February 26, 2008, the State Department designated al-Shabaab (a/k/a, al-Shabab, a/k/a Shabaab, a/k/a the Youth, a/k/a Mujahidin al-Shabaab Movement, a/k/a Mujahideen Youth Movement, a/k/a Mujahidin Youth Movement, a/k/a MYM, a/k/a Harakat Shabab al-Mujahidin, a/k/a Hizbul Shabaab, a/k/a Hisb'ul Shabaab, a/k/a al-Shabaab al-Islamiya, a/k/a Youth Wing, a/k/a al-Shabaab al-Islaam, a/k/a al-Shabaab al-Jihaad, a/k/a the Unity of Islamic Youth) as a Foreign Terrorist Organization (FTO) under Section 219 of the Immigration and Nationality Act, as amended, and as a Specially Designated Global Terrorist (SDGT) under Section 1(b) of Executive Order 13224, as amended. The designation was published in the Federal Register on March 18, 2008. "Shabaab" is an Arabic word that means "Youth" and is in common use in the Somali language.

### Omer Abdi Mohamed

6. In or about the fall of 2007, the defendant Omer Abdi MOHAMED and his co-conspirators, who are known and unknown to the grand jury, began to mobilize men to travel to Somalia to fight against the Ethiopian military supporting the Transitional Federal Government.

7. The defendant MOHAMED and his co-conspirators held meetings at mosques, restaurants, and private residences, among other locations, in and around Minneapolis, Minnesota.

U.S. v Omer Abdi Mohamed                    Criminal No. 09-352 (MJD/SER)

8. The defendant MOHAMED and his co-conspirators spoke by telephone with one another and with co-conspirators in Somalia.

9. The defendant MOHAMED and his co-conspirators participated in fund-raising in Minneapolis, Minnesota, and elsewhere under false pretenses.

10. The defendant MOHAMED and his co-conspirators purchased tickets and obtained an itinerary that falsely reflected that a co-conspirator would be traveling to a place other than Somalia.

11. On or about October 30, 2007, in the State and District of Minnesota, DAHIR GURE, a/k/a Abdiwahab, a/k/a Musab, boarded Northwest Airlines flight 56 from Minneapolis, Minnesota, to Amsterdam, Netherlands, with a final destination of Somalia.

12. On or about December 4, 2007, in the State and District of Minnesota, SHIRWA AHMED boarded American Airlines flight 1572 from Minneapolis, Minnesota, to Chicago, Illinois, with a final destination of Saudi Arabia from which he would travel to Somalia.

13. On or about December 6, 2007, in the State and District of Minnesota, SALAH OSMAN AHMED, a/k/a Salman (charged elsewhere), boarded Northwest Airlines flight 56 from Minneapolis, Minnesota, to Amsterdam, Netherlands, with a final destination of Somalia.

14. On or about December 6, 2007, in the State and District of Minnesota, KAMAL SAID HASSAN, a/k/a Abshir (charged elsewhere), boarded Northwest Airlines flight 56 from Minneapolis, Minnesota, to Amsterdam, Netherlands, with a final destination of Somalia.

U.S. v Omer Abdi Mohamed                Criminal No. 09-352 (MJD/SER)

15. On or about December 8, 2007, in the State and District of Minnesota, AHMED ALI OMAR, a/k/a Mustafa (charged elsewhere), boarded Northwest Airlines flight 56 from Minneapolis, Minnesota, to Amsterdam, Netherlands, with a final destination of Somalia.

16. On or about December 8, 2007, in the State and District of Minnesota, ABDIFATAH ISSE, a/k/a Omar (charged elsewhere), boarded Northwest Airlines flight 56 from Minneapolis, Minnesota, to Amsterdam, Netherlands, with a final destination of Somalia.

17. On or about December 12, 2007, in the State and District of Minnesota, KHALID MOHAMUD ABSHIR, a/k/a Abdul, a/k/a Abdullah (charged elsewhere), boarded Northwest Airlines flight 1258 from Minneapolis, Minnesota, to Washington Dulles International Airport in Virginia, with a final destination of Somalia.

18. In late October 2008, SHIRWA AHMED took part in one of five coordinated simultaneous suicide bombings in Somalia.

## COUNT 1

(Conspiracy to Provide Material Support to Terrorists)

19. The allegations contained in paragraphs 1 through 18 are realleged and incorporated as if fully set forth in this paragraph.

20. From in or about September 2007 through November 2009, in the State and District of Minnesota and elsewhere, the defendant,

**OMER ABDI MOHAMED,**
a/k/a Brother Omer,
a/k/a Galeyr,

5

did knowingly and intentionally conspire with others, known and unknown to the grand jury, to provide material support and resources, as that term is defined in Title 18, United States Code, Section 2339A(b), including but not limited to property and services, such as currency, financial services, lodging, training, safehouses, false documentation, facilities, weapons, personnel, and transportation, and to conceal and disguise the nature, location, source, and ownership of the material support and resources, knowing and intending that the material support and resources were to be used in preparation for and in carrying out a violation of Title 18, United States Code, Section 956(a)(1) (conspiracy to murder, kidnap, maim or injure persons in a foreign country), all in violation of Title 18, United States Code, Section 2339A(a).

### COUNT 2
(Providing Material Support to Terrorists)

21.   The allegations contained in paragraphs 1 through 18 are realleged and incorporated as if fully set forth in this paragraph.

22.   From in or about September 2007 through November 2009, in the State and District of Minnesota and elsewhere, the defendant,

**OMER ABDI MOHAMED,**
a/k/a Brother Omer,
a/k/a Galeyr,

aiding and abetting and being aided and abetted by others, did provide and attempt to provide material support and resources, as that term is defined in Title 18, United States Code, Section

U.S. v Omer Abdi Mohamed                         Criminal No. 09-352 (MJD/SER)

2339A(b), including but not limited to property and services, such as currency, financial services, lodging, training, safehouses, false documentation, facilities, weapons, personnel, and transportation, and did conceal and disguise the nature, location, source, and ownership of the material support and resources, knowing and intending that the material support and resources were to be used in preparation for and in carrying out a violation of Title 18, United States Code, Section 956(a)(1) (conspiracy to murder, kidnap, maim or injure persons in a foreign country), all in violation of Title 18, United States Code, Sections 2339A(a) and 2.

## COUNT 3
(Conspiracy to Murder, Kidnap, Maim, and Injure)

23.   The allegations contained in paragraphs 1 through 18 are realleged and incorporated as if fully set forth in this paragraph.

24.   From in or about September 2007 through November 2009, in the State and District of Minnesota and elsewhere, the defendant,

**OMER ABDI MOHAMED**,
a/k/a Brother Omer,
a/k/a Galeyr,

knowingly and intentionally conspired with others, known and unknown to the grand jury, to commit an act outside of the United States that would constitute the offense of murder, kidnapping, or maiming if committed in the special maritime and territorial jurisdiction of the United States, in violation of Title 18, United States Code, Section 956.

U.S. v Omer Abdi Mohamed                Criminal No. 09-352 (MJD/SER)

25. In furtherance of the conspiracy, and to effect the objects thereof, the defendant MOHAMED and his co-conspirators knowingly committed and caused the commission of the following overt acts, among others:

a. On or about October 30, 2007, DAHIR GURE, a/k/a Abdiwahab, a/k/a Musab, boarded Northwest Airlines flight 56 from Minneapolis, Minnesota to Amsterdam, Netherlands, with a final destination of Somalia.

b. On or about December 4, 2007, in the State and District of Minnesota, SHIRWA AHMED boarded American Airlines flight 1572 from Minneapolis, Minnesota, to Chicago, Illinois, with a final destination of Saudi Arabia from which he would travel to Somalia.

c. On or about December 6, 2007, in the State and District of Minnesota, SALAH OSMAN AHMED, a/k/a Salman (charged elsewhere), boarded Northwest Airlines flight 56 from Minneapolis, Minnesota, to Amsterdam, Netherlands, with a final destination of Somalia.

d. On or about December 6, 2007, in the State and District of Minnesota, KAMAL SAID HASSAN, a/k/a, Abshir (charged elsewhere), boarded Northwest Airlines flight 56 from Minneapolis, Minnesota, to Amsterdam, Netherlands, with a final destination of Somalia.

e. On or about December 8, 2007, in the State and District of Minnesota, AHMED ALI OMAR, a/k/a Mustafa (charged elsewhere), boarded Northwest Airlines flight 56 from Minneapolis,

U.S. v Omer Abdi Mohamed                    Criminal No. 09-352 (MJD/SER)

Minnesota, to Amsterdam, Netherlands, with a final destination of Somalia.

  f. On or about December 8, 2007, in the State and District of Minnesota, ABDIFATAH ISSE, a/k/a Omar (charged elsewhere), boarded Northwest Airlines flight 56 from Minneapolis, Minnesota, to Amsterdam, Netherlands, with a final destination of Somalia.

  g. On or about December 12, 2007, in the State and District of Minnesota, KHALID MOHAMUD ABSHIR, a/k/a Abdul, a/k/a Abdullah (charged elsewhere), boarded Northwest Airlines flight 1258 from Minneapolis, Minnesota, to Washington Dulles International Airport in Virginia, with a final destination of Somalia.

### Count 4
(Possessing a Firearm During a Crime of Violence)

  26. In or about March 2008 in the State and District of Minnesota and elsewhere, SALAH OSMAN AHMED, a/k/a Salman (charged elsewhere), together with others, did knowingly and intentionally possess a firearm, to wit: an AK-47 assault weapon, in furtherance of a crime of violence, to wit: the crimes charged in Counts One and Three, and did discharge said firearm, which was within the scope of the conspiracy and reasonably foreseeable to his co-conspirator, the defendant,

       **OMER ABDI MOHAMED**,
       a/k/a Brother Omer,
       a/k/a Galeyr,

U.S. v Omer Abdi Mohamed                    Criminal No. 09-352 (MJD/SER)

all in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i) and (iii), and 2, and *Pinkerton v. United States*, 328 U.S. 640 (1946) (co-conspirator liability).

## Count 5
(Possessing a Firearm During a Crime of Violence)

27. In or about March 2008, in the State and District of Minnesota and elsewhere, ABDIFATAH ISSE, a/k/a Omar (charged elsewhere), together with others, did knowingly and intentionally possess a firearm, to wit: an AK-47 assault weapon, in furtherance of a crime of violence, to wit: the crimes charged in Counts One and Three, which was within the scope of the conspiracy and reasonably foreseeable to his co-conspirator, the defendant,

**OMER ABDI MOHAMED**,
a/k/a Brother Omer,
a/k/a Galeyr,

all in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i) and 2, and *Pinkerton v. United States*, 328 U.S. 640 (1946) (co-conspirator liability).

U.S. v Omer Abdi Mohamed                    Criminal No. 09-352 (MJD/SER)

## Count 6
(Possessing a Firearm During a Crime of Violence)

28.   In or about February 2008 through July 2008, in the State and District of Minnesota and elsewhere, KAMAL SAID HASSAN, a/k/a Abshir (charged elsewhere), together with others, did knowingly and intentionally possess a firearm, to wit: an AK-47 assault weapon, in furtherance of a crime of violence, to wit: the crimes charged in Counts One and Three, and did discharge said firearm, which was within the scope of the conspiracy and reasonably foreseeable to his co-conspirator, the defendant,

**OMER ABDI MOHAMED**,
a/k/a Brother Omer,
a/k/a Galeyr,

all in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i) and (iii), and 2, and *Pinkerton v. United States*, 328 U.S. 640 (1946) (co-conspirator liability).

A TRUE BILL

_____     _____
UNITED STATES ATTORNEY              FOREPERSON